Roman v. USA

Doc. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:98 CR 282-11

**UNITED STATES,**

  v.

**DADRIAN NEKEITH ROMAN,**

  **Defendant.**

**ORDER**

**THIS MATTER** is before the Court on Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents," (file doc. 434), filed January 20, 2006; "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Records, and Writ of Duces Tecum Order to Produce the Documents," (file doc. 436), filed February 15, 2006; "Motion Requesting Certificate of Appealability Review Pursuant to Local Rule 22(a)," (file doc. 437), filed February 24, 2006; and "Motion Requesting to Amend Pursuant to Federal Rules of Civil Procedure 15A and in the Alternative Certificate of Appealability Review Pursuant to Local Rule 22(a)," (file doc. 438), filed on March 3, 2006.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On April 1, 1999, Defendant pled guilty to one count of conspiracy to possess with intent to distribute, and distribute, quantities of cocaine and cocaine base, Sch. II controlled substances. And, on August 30, 2001, a Judgment was entered, sentencing Defendant to 240 months imprisonment. Defendant appealed the sentence and, on June 5, 2002, the Fourth Circuit, in an unpublished opinion, affirmed the sentence as imposed.

On January 20, 2006, Defendant filed a motion challenging the sentence imposed by this

Dockets.Justia.com

Court, stating that the Judgment is void and this Court had no authority to sign the Judgment. On February 3, 2006, this Court issued an Order deferring its ruling on the January 20, 2006 Motion, and giving Defendant until March 10, 2006, to notify the Court whether he wished to have that Motion construed pursuant to 28 U.S.C. § 2255. Since that time Defendant has filed two additional unrelated motions, and a third motion where he argues that he has not filed a successive Section 2255 motion.[1]

## II. "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Records, and Writ of Duces Tecum Order to Produce the Documents"

On January 20, 2006, Defendant filed the exact same motion, (file doc. 434), almost verbatim, as the Motion filed on February 15, 2006, (file doc. 436), discussed in this section. As stated above, on February 3, 2006, this Court issued an Order on the January 20, 2006 Motion, giving Defendant until March 10, 2006, to notify the Court whether he wished to have that Motion construed pursuant to 28 U.S.C. § 2255. On March 3, 2006, Defendant did file a Motion which appears to be in response to the Court's Order. The Court will proceed accordingly with that response. However, because the Motion filed on February 15, 2006, was virtually identical to the January 20, 2006 Motion discussed below, the Court will deny the February 15, 2006 Motion as moot because the exact same issues are being dealt with in the earlier filing.

## III. "Motion Requesting Certificate of Appealability Review Pursuant to Local Rule 22(a)"

Defendant has filed this Motion pursuant to Local Rule 22(a) of the Fourth Circuit

---

[1] Although Defendant argues that he has not filed a successive Section 2255 motion, the Court is aware that Defendant has not filed a prior Section 2255 motion and was not attempting to treat any of his motions as such. Defendant's judgment became final on June 28, 2002, when the Fourth Circuit entered the Judgment affirming Defendant's sentence. Therefore, in order to maintain a Section 2255 claim, Defendant had to file a motion by June 28, 2003. Defendant did not file a Section 2255 motion within the limitations period.

seeking to have this Court adopt for the Fourth Circuit a rule "which allows this Court to use a single document as both the appellant's request for a COA and the appellant's brief on the merits, even as the Court maintains a clear distinction between the COA and merits phases of the appeal." (Def.'s Mot. at 5.) Fourth Circuit Local Rule 22(a) deals with cases where a district court has not granted a certificate of appealability in 28 U.S.C. § 2255 proceedings.

First, the Court notes that no ruling in a 28 U.S.C. § 2255 proceeding as to this Defendant has even been made. Thus, it is unclear what Defendant seeks to appeal. Further, and most importantly, this Court has no authority to change the Local Rules of the Fourth Circuit, or to take any action pursuant to Fourth Circuit Local Rule 22(a). Accordingly, this Motion will be denied.

**IV.** **"Motion Requesting to Amend Pursuant to Federal Rules of Civil Procedure 15A and in the Alternative Certificate of Appealability Review Pursuant to Local Rule 22(a)"**

    **A.** **Defendant's Fourth Circuit Local Rule 22(a) Request**

Defendant has again filed an almost identical motion just days after filing the initial motion. The substance of the first section of this Motion is virtually identical to that of the Motion filed on February 24, 2006. As stated in the section discussing Fourth Circuit Local Rule 22(a) above, this Motion will also be denied for two reasons. First, it is unclear what Defendant is attempting to appeal as this Court has never issued a ruling on a Section 2255 claim in this action. Second, and most importantly, this Court has no authority to alter the Local Rules of the Fourth Circuit.

    **B.** **Defendant's Collateral Attack on his Sentence**

The Court is construing the second part of this Motion as Defendant's response to its

3

February 3, 2006 Order requesting that Defendant notify the Court as to whether he wished to have the January 20, 2006 Motion construed pursuant to 28 U.S.C. § 2255. In the several motions filed since the Court's February 3, 2006 Order, this is the first one in which Defendant has addressed a Section 2255 filing. Further, the Court stated that if it did not receive a response from Defendant, it would construe the January 20, 2006 filing as a Section 2255 claim.

In this Motion, Defendant argues, along with his Fourth Circuit Local Rule 22(a) request, that he has not filed a successive Section 2255 Motion. The bulk of the Section 2255 discussion revolves around Defendant's assertions that he has not filed a successive 2255 Motion because he is raising claims that did not exist for earlier claims. As stated above, Defendant has not filed a prior Section 2255 claim, thus, his argument against classifying his current motions as a successive claim is difficult to understand.

However, when considering the language he chooses in connection with this Court's February 3, 2006 Order, it appears as though Defendant is arguing that his prior motion is timely under the exceptions to the one-year statute of limitation for a Section 2255 claim. Although noting that a Section 2255 petition filed at this date would be untimely, in its February 3, 2006 Order, the Court noted that if Defendant wished to have his Motion construed pursuant to Section 2255 he would be permitted to provide additional documentation to support his Section 2255 Motion, and to offer an explanation as to why his untimely Section 2255 motion was subject to an exception to the limitation period. Although it is not clear why Defendant continuously mentions the issue of a successive Section 2255 claim, it does appear as though he is attempting to offer an explanation for the late filing of the Motion which collaterally attacks his sentence. Therefore, the Court will construe his January 20, 2006 Motion as a Section 2255

4

claim, and will also consider the arguments on pages 6-8 of his March 3, 2006 Motion in its determination of whether the untimely Section 2255 claim will be allowed to proceed.

V.     **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Records and Writ of Duces Tecum Order to Produce Documents," (file doc. 436), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion Requesting Certificate of Appealability Review Pursuant to Local Rule 22(a)," (file doc. 437), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion Requesting to Amend Pursuant to Federal Rules of Civil Procedure 15A and in the Alternative Certificate of Appealability Review Pursuant to Local Rule 22(a)," (file doc. 438), is hereby **DENIED** in part, and in part construed as a supplement to the Motion this Court will construe as a Section 2255 Motion. This Motion, specifically pages 6-8, shall be filed in the **CIVIL ACTION** which will be opened for Defendant's Section 2255 claim.

**IT IS FURTHER ORDERED** that Defendant's "Motion for Writ of Habeas Corpus Order for Immediate Release, Judicial Review of Administrative Record, and Writ of Duces Tecum Order to Produce the Documents," (file doc. 434), is hereby **CONSTRUED** as a **Section 2255 Motion**.

Signed: April 11, 2006

Richard L. Voorhees
Chief United States District Judge